IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SHAWN RYAN COWAN,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFERY H. LANGTON, JENNIFER KOILES, DAVID DEMMONS, and STEVE McEWEN,<br><br>Defendants. | CV 21–65–M–DWM<br><br>ORDER |

On June 1, 2021, Plaintiff filed a Motion to Proceed in Forma Pauperis, (Doc. 1), and a proposed complaint alleging constitutional violations pursuant to 42 U.S.C. § 1983 and state law claims against certain judicial officers from Ravalli County, Montana, (Doc. 2). On June 14, 2021, Plaintiff filed a "motion for party non-joinder," (Doc. 4), and a request for an injunction, (Doc. 5), with an affidavit in support of both motions, (Doc. 6).

I.  **Motion to proceed in forma pauperis**

Plaintiff's motion is sufficient to make the showing required by 28 U.S.C. § 1915(a). (*See* Doc. 1.) His request to proceed in forma pauperis is granted. But because Plaintiff is proceeding in forma pauperis, his Complaint must be reviewed under 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss a

1

complaint filed in forma pauperis before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Nevertheless, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[1] *Erickson v. Pardu*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice").

## II. Plaintiffs' Allegations

Plaintiff's claims begin with criminal juvenile proceedings in the 1990s. According to Plaintiff, former state judge Jeffrey Langton presided over his case despite a conflict of interest due to his having represented Plaintiff's mother in her divorce proceedings before he took the bench. Plaintiff further alleges that Judge

---

[1] Cowan has previously filed a complaint with this Court pursuant to 28 U.S.C. § 1915 and has previously received guidance regarding what such a pleading requires. *See Cowan v. Pearson Education*, CV 12-105-M-DLC-JCL.

Langton extended Plaintiff's supervision without due process and subjected Plaintiff to an unconstitutional sentence. In both 2002 and 2008, Plaintiff alleges Judge Langton once again improperly presided over criminal proceedings involving Plaintiff. Plaintiff alleges that he continues to be harmed by this conduct as it has prevented him from being able to pursue certain employment opportunities, forced him to register as a violent offender, and caused the county to evaluate whether he is fit to raise a child. Plaintiff does not describe the allegedly unconstitutional or unlawful conduct of the remaining defendants, other than to state: "The [Complaint] clearly displays 4 individuals, under color of law, abrogating the halls of justice to settle a legal contest and deprive [Plaintiff] of his constitutional right to a fair hearing. Jeffery Langton, Jennifer Koiles, David Demmons and Steve McEwen." (Doc. 2 at 6.)

Plaintiff subsequently filed two motions with the Court, the first seeking to add the State of Montana as a defendant, (Doc. 4), and the second seeking to enjoin "all criminal actions against" Plaintiff and his family, (Doc. 5). Those filing reassert the general allegations in the Complaint but indicate that Plaintiff also underwent a competency evaluation in 2013, (*see* Doc. 6-5), and was involuntarily committed to the State Hospital, (*see* Doc. 6 at 2).

III. **Analysis**

3

Plaintiff's claims fail at the screening stage. First, a judge is absolutely immune from suit for judicial actions undertaken in the course of his or her official duties in connection with a case, unless the judge acts outside the judge's judicial capacity or in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (per curiam). For purposes of judicial immunity, "[a] clear absence of all jurisdiction means a clear lack of subject matter jurisdiction." *Mullis v. U.S. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1389 (9th Cir. 1987) *cert. denied*, 486 U.S. 1040 (1988). The Supreme Court has held that as long as a judge has jurisdiction to perform the "general act" in question, he or she is immune "however erroneous the act may have been, . . . however injurious in its consequences it may have proved to the plaintiff" and irrespective of the judge's motivation. *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985) (internal quotations marks omitted). Judge Langton's actions in both Plaintiff's juvenile and adult criminal proceedings are unquestionably judicial acts done within his general jurisdiction as a state district court judge. He is therefore entitled to judicial immunity.

Second, the alleged conduct underlying Plaintiff's claims occurred in 1992, 1993, 1994, 2002, 2008, and 2013.[2] The applicable statute of limitations for claims

---

[2] Although not pled, this assumes that Plaintiff could amend to add his 2013 mental commitment to his Complaint. (*See* Doc. 6 at 2.)

4

filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). In Montana, that period is three years after the action accrues. Mont. Code Ann. § 27–2–204(1). Federal law determines when a cause of action accrues, which occurs when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Knox*, 260 F.3d at 1013. Plaintiff's claims accrued at the time of the proceedings and conduct he challenges. The Complaint was not filed until June 1, 2021, almost thirty years after the first alleged violation and almost a decade after the final alleged violation. Plaintiff's claims are therefore untimely.

Third, Plaintiffs seeks to add the State of Montana as a defendant. However, the State is immune from suit in federal court under the Eleventh Amendment to the United States Constitution. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). That extends to claims brought under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of St. Police*, 491 U.S. 58, 65–66 (1989). While Plaintiff correctly argues that Eleventh Amendment immunity may be abrogated in the context of certain constitutional claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act, *see United States v. Georgia*, 546 U.S. 151, 158–59 (2006); *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1186 (9th Cir. 2003), that does not obviate the fact that his claims are untimely, *see Sharkey v. O'Neal*, 778 F.3d 767, 770–773 (9th Cir. 2015) (determining state disability law provides applicable

5

statute of limitations for Title II claim); Mont. Code Ann. § 49–2–501(4) (outlining 180-day and 300-day limitations periods).

Finally, in the absence of a claim for relief that is plausible on its face, Plaintiff cannot make the requisite showing to obtain injunctive relief. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (requiring movant to show a likelihood of success on the merits).

## IV. Conclusion

Because the defects identified above cannot be cured by amendment, dismissal is appropriate. *See Sharkey*, 778 F.3d at 774.

Based on the foregoing, IT IS ORDERED that:

(1) Plaintiffs' motion to proceed in forma pauperis (Doc. 1) is GRANTED.

(2) The Clerk shall edit the text of the docket entry for the Complaint to removed the word "LODGED".

(3) Plaintiffs' motion for joinder (Doc 4) and motion for injunction (Doc. 5) are DENIED.

(4) This matter is DISMISSED WITH PREJUDICE.

(5) The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

(6)     The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

DATED this 16th day of June, 2021.

_____
Donald W. Molloy, District Judge
United States District Court